IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANGELA BARRY et al.,

                Plaintiffs,

v.                                                         CIVIL ACTION NO. 2:16-cv-09515

EXPERIAN INFORMATION SOLUTIONS, INC. et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Angela Barry and Robert Barry bring this consolidated action against Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), JPMorgan Chase ("Chase"), The Huntington National Bank ("Huntington"), and Farm Bureau Bank FSB ("Farm Bureau") alleging various causes of action arising out of allegedly inaccurate information contained in credit reports requested by Plaintiffs. Pending before the Court is a motion to dismiss filed by Farm Bureau, (ECF No. 71).[1]

---

[1] Also pending are motions to dismiss filed by Chase and Huntington, (ECF Nos. 73, 75). The Court has been advised that settlement agreements in principle have been reached in the above-styled consolidated action between Plaintiffs and Defendants Experian, Equifax, Chase, and Huntington. (ECF Nos. 118, 119, 120, 123.) The notices of settlement filed with the Court regarding Experian, Equifax, and Huntington indicate that after finalizing settlement documents the parties will seek the bankruptcy court's approval before submitting a proposed agreed dismissal order for entry by this Court. (ECF Nos. 118, 119, 123.) While the notice of settlement related to Huntington does not indicate similarly that it requires approval by the Chapter 7 Trustee or the bankruptcy court, the parties indicate that they also will be submitting a dismissal order to this Court in a timely manner. (ECF No. 120.) Based on these joint notices of settlement, the Court **DENIES AS MOOT** the motions to dismiss filed by Chase and Huntington, (ECF Nos. 73, 75).

1

Farm Bureau's motion, filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), disputes all four counts directed toward it in the consolidated complaint (the "Complaint")—Counts II, IV, V, and VI. With regard to Count II, which alleges a cause of action under the Federal Fair Credit Reporting Act ("FCRA"), Farm Bureau first argues that Plaintiffs have no remedy under 15 U.S.C. § 1681s-2(a) as that section includes no private right of action. (ECF No. 72 at 5.) Farm Bureau asserts that Plaintiffs' only potential claim related to Count II is found in 15 U.S.C. § 1681s-2(b) wherein the FCRA "provides a private right of action against furnishers who fail to provide accurate information *after being advised of a dispute . . . .*" (*Id.* (emphasis in original) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154, 1163 (4th Cir. 2009)).) Because the Complaint does not allege any inaccuracy reported by Farm Bureau after Mr. Barry's March dispute letter was sent to Equifax, Farm Bureau argues that Count II must be dismissed as alleged by Mr. Barry. (*See id.* at 5–6.) Farm Bureau further argues that, as a matter of law, its reporting of Ms. Barry's loan status was not inaccurate for purposes of the FCRA and that Count II as brought by Ms. Barry similarly must be dismissed. (*See id.* at 6.)

The motion goes on to argue that the defamation and West Virginia Consumer Credit and Protection Act claims alleged in Counts IV and V, respectively, are preempted by the FCRA. (*See id.* at 6–8 (citing 15 U.S.C. § 1681t(b)(1)(F)).) Finally, the motion argues that the allegations contained in Count VI regarding violation of the stay pursuant to 11 U.S.C. § 362(a) cannot be addressed by this Court as it lacks subject-matter jurisdiction to consider the claim. (*Id.* at 8–9 (noting that if the claim is viable, it must be brought in bankruptcy court).)

Farm Bureau subsequently filed a Motion for Summary Judgment on March 15, 2018. (ECF No. 122.) The summary judgment motion is almost identical to the Motion to Dismiss and

reasserts the various arguments in Farm Bureau's Motion to Dismiss regarding Counts II, IV, V, and VI of the Complaint. In light of the recent filing of the summary judgment motion, the Court elects to resolve these arguments in the context of summary judgment because multiple grounds asserted in the Motion to Dismiss appear more appropriate for adjudication under the Rule 56 standard than the Rule 12(b) standard. Therefore, the Court **DENIES AS MOOT** the pending Motion to Dismiss, (ECF No. 71), and will proceed toward resolving the pending Motion for Summary Judgment filed by Farm Bureau upon becoming ripe.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 21, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE